IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 24, 2012

## SCOTTY V. NUNN v. TONY HOWERTON, WARDEN
## AND STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 2012-CR-45    E. Eugene Eblen, Judge**

_____

**No. E2012-01086-CCA-R3-HC - Filed December 19, 2012**

_____

The Petitioner, Scotty V. Nunn, appeals the Morgan County Criminal Court's summary dismissal of his petition for habeas corpus relief from his 1994 convictions for fraudulent breach of trust and misapplication of contract payments and resulting sentence of fourteen years. The Petitioner contends that he is entitled to relief because of an improper extradition from the Commonwealth of Virginia. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Scotty V. Nunn, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Although the Petitioner did not appeal his conviction or sentence or seek post-conviction relief, he states in his petition for habeas corpus relief that he was convicted of fraudulent breach of trust and misapplication of contract payments, that he was sentenced to fourteen years' probation, and that his sentence began on February 17, 1994, all of which is confirmed by an order revoking his probation on June 6, 2011. The Petitioner failed to attach copies of the judgments of conviction to his petition for relief.

The Petitioner states in his brief that he was "a productive member of society in the Commonwealth of Virginia for fourteen . . . years" and that he "notified the State of Tennessee numerous times advising the probation office of his new residency, only to be told to stay out of trouble[, which] he did. . . ." In Virginia, an extradition warrant was issued on September 9, 2008. According to the Virginia warrant, the Petitioner absconded from his Tennessee probation. Virginia law enforcement arrested the Petitioner and held him until November 7, 2008. Nothing in the record shows the outcome of this proceeding. In his brief, the Petitioner claims that Virginia authorities contacted Tennessee authorities to advise them of the Petitioner's being in custody, that Tennessee advised Virginia that Tennessee did not want to extradite the Petitioner, and that the Virginia warrant was dismissed. The Tennessee probation revocation order states that the Petitioner did not waive extradition and that a governor's warrant had to be obtained. The Petitioner claims that approximately two years later, Tennessee sought extradition. According to the second Virginia warrant issued on October 22, 2010, the Petitioner was arrested for absconding from his Tennessee probation. Again, nothing in the record shows the outcome of the proceeding. The Petitioner, though, was extradited to Tennessee on April 19, 2011.

A probation revocation hearing was held on June 6, 2011, although a transcript of the proceeding was not attached to the petition for relief or included in the appellate record. According to the revocation order attached to the petition for relief, the trial court found that the Petitioner absconded from his probation from June 22, 1995, to April 19, 2011. The court found by a preponderance of the evidence that the Petitioner violated his probation by failing to report to his probation officer, failing to report new criminal charges, and failing to pay restitution. The court revoked the Petitioner's probation and ordered his fourteen-year sentence into execution. The Petitioner now seeks habeas corpus relief.

In his petition for habeas corpus relief, the Petitioner contended that his "judgment of extradition" was void under double jeopardy principles because Virginia did not have authority to grant Tennessee's October 22, 2010 warrant of arrest for extradition due to Virginia's dismissing the previous warrant on November 7, 2008. The State moved to dismiss the petition, arguing that the Petitioner failed to establish the Tennessee judgments of conviction were void or his sentences expired, that he failed to attach to his petition copies of the judgments pursuant to Tennessee Code Annotated section 29-21-107, and that the Petitioner's Tennessee sentences had not expired because he absconded from probation. The trial court summarily dismissed the petition. This appeal followed.

As a preliminary matter, the State contends that the petition for relief was properly dismissed because the petition was procedurally deficient in that the Petitioner failed to attach copies of the judgments of conviction. We conclude, though, that the trial court did not dismiss the petition for a procedural deficiency. Although Tennessee Code Annotated

section 39-21-107(b)(2) requires a petitioner to attach copies of the judgments of conviction to his petition for habeas corpus relief, the Petitioner failed to do so. The trial court, though, found that the petition for relief was "not well-taken" without addressing the procedural deficiency. Our supreme court has concluded that in the event a petitioner fails to comply with the mandatory procedural requirements of section 39-21-107, a trial court "may . . . afford the petitioner an opportunity to comply with the procedural requirements, or . . . choose to adjudicate the petition on its merits." Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004). We conclude that the trial court adjudicated the petition for relief on the merits without affording the Petitioner an opportunity to attach the judgments of conviction.

The Petitioner contends that he is entitled to habeas corpus relief because his 1994 convictions are void due to the State's lack of authority to extradite him from Virginia in 2010. He argues that double jeopardy principles barred the State from extraditing him because it declined to extradite him in 2008 when it had the opportunity to do so. The State responds that the trial court properly dismissed the petition and argues that the Petitioner has failed to show the Tennessee judgments are void or his sentences expired. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). When applicable, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman, 153 S.W.3d at 20; State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

-3-

With regard to the Petitioner's claim that his extradition violated double jeopardy principles, this court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief rather than habeas corpus relief. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); see Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, slip op. at 2 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), perm. app. denied (Tenn. June 26, 2000). This court has stated, "'an allegation of double jeopardy does not render a conviction void, but merely voidable.'" Ricky Lynn Hill v. Tony Parker, Warden, No. W2010-01423-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App. Jan. 24, 2011) (quoting William C. Brothers v. State, No. W2008-01680-CCA-R3-HC (Tenn. Crim. App. Oct. 14, 2009)). Likewise, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). The extradition proceedings in Virginia are outside the record of the convicting Tennessee court and cannot establish the invalidity of the Petitioner's convictions or sentence.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE